PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOSHUA ANDINO,

                Plaintiff,

        -against-

P.O. ANGEL ANDUJAR, SGT. DANNY DIAZ,
JOHN AND JANE DOES, 1-10, ET AL.,

                Defendants.
-----------------------------------------------------------x

**SECOND AMENDED COMPLAINT**

**Jury Demand**

13 CV 5196 (ER)

        Plaintiff JOSHUA ANDINO (hereinafter "Plaintiff") by and through his attorneys, Vik Pawar, Esq., and Robert Blossner, Esq., respectfully allege as follows:

**PRELIMINARY STATEMENT**

        1.    Plaintiff brings this action for reform, injunctive relief, compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§1981, 1983, and 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the United States and New York Constitutions and under New York state laws.

3. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff is a citizen of the United States, and was at all relevant times a resident in the County of Bronx, State of New York.

7. The named and yet to be identified individual defendants were and are employees of defendant City and other government entities and are sued in their individual and supervisory capacities and are alleged to have acted under the color of state law.

## FACTS

8. Plaintiff is a 22 year old Hispanic male who is a resident of Bronx where he lives with his mother, brother and sister.

9. On August 29, 2012, plaintiff went to the grocery store on his bicycle to get milk for his little brother.

10. When plaintiff arrived at the grocery store, he noticed NYPD officers pull up to the grocery store and were staring at him.

11. Plaintiff was only wearing a t-shirt and pajamas.

12. Plaintiff was then pulled from the grocery store and made to stand outside at the entrance of the store when another NYPD car pulled up slowly and drove past the grocery store.

13. Soon thereafter, Andujar handcuffed plaintiff behind his back, his requests for what he was being charged and to have someone call his mother (who was most likely worried) were ignored.

14. When plaintiff was brought to the precinct, Andujar informed him that he would be released shortly. Diaz approved plaintiff's arrest.

15. Instead, plaintiff was finger-printed, photographed, processed and booked.

16. After several hours, plaintiff was arraigned before a judge and learned for the first time what he was charged with.

17. Plaintiff was arraigned on charges of grand larceny and a bail was set.

18. Plaintiff was incarcerated for more than three (3) days at Rikers Island until his mother was able to post bail on September 1, 2012.

19. After making several court appearances, the bogus charges against the plaintiff were dropped and the case dismissed on January 7, 2013.

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Excessive Force)

20. Plaintiff repeats, reiterates, and realleges each and every allegation

contained in paragraphs numbered "1" through "19" with the same force and effect as if fully set forth herein.

21. There was no probable cause for the initial stop, nor for the arrest or the continued incarceration and as such it resulted in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments. In addition, the hand-cuffs placed on plaintiff was so tight that he sustained loss of blood flow and injuries to his wrists.

22. As a result of the aforementioned conduct of defendants, Plaintiff's constitutional right to be free from unreasonable search and seizure was violated and he sustained injuries thereby.

### AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under the Fourteenth Amendment-Due Process)

23. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

24. The defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by defendants deprived the substantive and procedural due process afforded to plaintiff and in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

25. As a result of the foregoing, Plaintiff was deprived of his liberty and right to procedural and substantive due process, causing economic and severe and permanent injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution)

26. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

27. Defendants by filing false charges against plaintiff knew that plaintiff would have to endure numerous court appearances, hire an attorney and yet defendants arrested him.

28. As a result of the foregoing, Plaintiff was deprived of his liberty and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
((Supervisory Liability)

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. The individual defendants' supervisors were aware of their past behavior and misconduct but turn a blind-eye to their conduct. As a result they were deliberately indifferent to their past misdeeds and in effect ratified their conduct.

31. As a result, plaintiff was injured.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Right to a Fair Trial)

32. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. Defendants fabricated and manipulated the evidence to deny plaintiff a fair trial and as a result it forced plaintiff to appear in Court numerous times before the charges against him were dismissed. Defendants had an ulterior motive of increasing their overtime, and statistics and show that they are engaged in law enforcement when in fact they are simply arresting innocent individuals.

34. As a result of this conduct, plaintiff's rights were violated.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of Rights Under Section 1981)

35. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants arrested plaintiff solely because of his race and color.

37. They further discriminated against plaintiff by falsely charging him with a crime and maliciously prosecuting him.

38. As a result of this conduct, plaintiff's rights were violated.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Violation of Rights Under Section 1985)

39. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants Andujar and Diaz conspired with each other to arrest plaintiff to simply generate overtime, close "open cases," generate arrests and "quotas" to justify their job and overtime.

41. As a result of this conduct and in furtherance of their conspiracy, defendants actions violated plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount One Hundred Thousand Dollars for each and every cause of action for plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
February 18, 2014

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: /s/ Vik Pawar
Vik Pawar, Esq.
Robert Blossner, Esq.
*Attorneys for Plaintiff*